Minute Order Form (06/97)

JS-6 

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3322 | **DATE** | 6/27/2002 |
| **CASE TITLE** | Construction Consulting Group vs. Gersten Financial & Ins. Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiff's motion (Doc 3-1) to remand this action is granted. The motion (Doc 3-2) for attorneys' fees is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 8 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 02 JUN 27 AM 8:52 | date mailed notice | |
| | | Date/Time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CONSTRUCTION CONSULTING GROUP, LTD., | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) 02 C 3322 |
| GERSTEN FINANCIAL & INSURANCE, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on a motion to remand the case to state court and for attorney's fees. For the reasons set forth below, the motion to remand is granted but no attorney's fees are awarded.

### BACKGROUND

Plaintiff Construction Consulting Group ("CCG") is a corporation located in Chicago, Illinois. According to CCG's complaint, Defendant Gersten Financial ("Gersten"), despite the lack of a prior business relationship with CCG, sent an unauthorized advertisement to CCG's facsimile machine in February 2002. The complaint consists of two statutory counts; one based in the Telephone Consumer Protection Act ("TCPA") and the other in the Illinois Consumer Fraud Act. In May 2002, Gersten removed the case to our court, asserting that the TCPA claim, in

conjunction with 28 U.S.C. § 1331, confers federal question jurisdiction over this case. CCG now moves to have the case remanded to state court, challenging the premise that private causes of action under the TCPA can be brought in federal court.

## LEGAL STANDARD

A defendant may remove to federal court a case filed in state court if there is federal subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Where, as is the case here, the basis for federal subject matter jurisdiction is "federal question" jurisdiction under 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 8, 103 S.Ct. 2840, 2845 (1983). If at any time after removal and before final judgment it becomes apparent that the case was improperly removed because the case was not within the subject matter jurisdiction of the United States district courts, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c); Franchise Tax Board, 463 U.S. at 8, 103 S.Ct. at 2845.

## DISCUSSION

### I. Remand

This case presents the question whether the absence of a specific grant of federal jurisdiction over private civil actions brought under the TCPA prevents federal district courts from exercising jurisdiction in such cases. The Seventh Circuit has not yet considered the issue, but the six circuits that have addressed the question have all ruled

the statute does not permit such jurisdiction. Murphey v. Lanier, 204 F.3d 911 (9th Cir. 2000); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513 (3rd Cir. 1998); Foxhall Realty Law Off. Inc. v. Telecommunications Premium Servs. Ltd., 156 F.3d 432 (2nd Cir. 1998); Nicholson V. Hooters of Augusta, Inc., 136 F.3d 1287, 1287-88 (11th Cir. 1998), modified in 140 F.3d 898 (11th Cir. 1998); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507 (5th Cir. 1997); and International Science & Technology Inst., Inc. v. Inacom Communications, Inc., 106 F.3d 1146 (4th Cir. 1997); see also United Artists Theatre Circuit, Inc., 147 F. Supp. 965, 972 (D. Ariz. 2000); Compoli v. AVT Corp., 116 F. Supp. 2d 926, 928 (N.D. Ohio 2000). Gersten argues that clear-cut reference to federal jurisdiction is not necessary, because the statute creates a cause of action and thereby confers federal jurisdiction. In support of its position, Gersten points to the decision in Kenro, Inc. v. Fax Daily, Inc., 904 F. Supp. 912, 915 (S.D. Ind. 1995), reconsideration denied in 962 F. Supp. 1162 (S.D. Ind. 1997). In Kenro, the court denied a motion to remand based upon its conclusion that the TCPA conferred concurrent state and federal jurisdiction over a claim brought by a private individual. Kenro, 904 F. Supp. at 916. The Kenro court interpreted the statute's silence to indicate that Congress did not intend state court jurisdiction to be exclusive; thus, federal question jurisdiction remained intact for private TCPA claims under 28 U.S.C. § 1331. Id. at 915. However, we find the reasoning in Kenro flawed for two reasons. First, the case upon which the opinion principally relied in deciding the question of jurisdiction considered only whether venue was proper; the statute at issue specifically provided that

suits could be brought in federal court. Resolution Trust Corp. v. Lightfoot, 938 F.2d 65, 67 (7th Cir. 1991). Second, the Kenro court looked only to the language of § 227 to guide its determination of Congress's intent with regard to federal court jurisdiction. Kenro, 904 F. Supp. at 914.

Accepted principles of statutory interpretation dictate that statutory provisions should be read in reference to an entire statute, without limiting consideration to any one specific provision. Smith v. U.S., 508 U.S. 223, 235, 124 L. Ed. 2d 138, 113 S, Ct, 2050 (1993). When § 227(b)(3) is read in conjunction with other portions of the statute, Congressional intent to confer exclusive jurisdiction for private causes of action on state courts is apparent. Five other sections of the Communications Act, of which the TCPA is a part, unequivocally provide for concurrent jurisdiction of the state and federal courts. See 47 U.S.C. §§ 407 (conferring jurisdiction on certain district courts of the United States or any state court of general jurisdiction), 555(a) (same), 415(f) (allowing petitions to be filed in "in the district court or the State court"), 553(c)(1) (providing that a civil action may be brought "in a United States district court or in any other court of competent jurisdiction"), 605(e)(3)(A) (same). These explicit grants of jurisdiction within the same statute indicate an awareness of the jurisdictional possibilities and a decision not to grant federal jurisdiction over private actions. Foxhall Realty, 156 F.3d at 436; Chair King, 131 F.3d at 512. In short, where Congress intended cases to be heard in federal courts, they made specific reference to that intent. Where they referred only to state courts, we conclude that jurisdiction was not extended to federal courts.

In addition, looking only to the text of the TCPA itself, Congress granted exclusive jurisdiction to federal district courts in cases brought on behalf of the states. 47 U.S.C. § 227(f)(2); see also Texas v. American Blastfax, Inc., 121 F. Supp. 2d 1085 (W.D. Tex. 2000). The juxtaposition of this grant of exclusive federal jurisdiction reinforces the conclusion that had Congress intended to extend jurisdiction to the federal courts, they could and would have done so. In combination with the general presumption against federal jurisdiction, the silence in this case dictates a finding of exclusive state jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 128 L. Ed. 2d 391, 114 S. Ct. 1673 (1994).

Because there is no federal cause of action under the TCPA for individuals, the instant case could not have been originally brought in federal court. Removal was therefore inappropriate, and CCG's motion to remand is granted.

## II. Attorneys' Fees

In anticipation of remand, CCG claims that they are entitled to attorneys' fees merely for obtaining a remand. They rely on 28 U.S.C. § 1447(c), which provides: "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." Robinson v. Quality Insurance Company, 633 F. Supp. 572, xxx (S.D. Ala. 1986). However, although § 1447(c) places no substantive restrictions on the court's discretion to allow costs, where removal was attempted in good faith and was not patently inappropriate, costs should not be awarded. Turner v. Bell Federal

Sav. & Loan Ass'n, 490 F. Supp. 104, 105 (N.D. Ill. 1980). This rule is in accord with other district courts that have commented on the issue. See, e.g., Johansen v. Employee Benefit Claims, Inc., 668 F. Supp. 1294, 1297 (D. Minn. 1987); Olsen v. Olsen, 580 F. Supp. 1569, 1572 (N.D. Ind. 1984); Zimmerman v. Conrail, 550 F. Supp. 84, 87 (S.D.N.Y. 1982). The question of federal jurisdiction over a private TCPA action is one of first impression in this district. Gersten's grounds for removal were not without some supporting case law, and there is no indication that the removal was in bad faith. Because nonremovability was not obvious at the time Gersten brought the case to this court, an award of attorneys' fees is unwarranted in this case..

## CONCLUSION

Based on the foregoing analysis, CCG's motion to remand this action is granted. The motion for attorneys' fees is denied.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: _June 27, 2002_